**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                              NO. 2:07mj143

HECTOR NICHOLAS ARELLANO-RAMIREZ,

      Defendant.

### ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on March 2, 2007. For the reasons set forth below, the Court FINDS that there is probable cause to believe that Defendant committed the charged offense and that his detention is warranted.

On February 23, 2007, Defendant was charged by criminal complaint with conspiracy to distribute and possession with intent to distribute 100 kilograms or more of marijuana, in violation of 18 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B).

At the hearing held on March 2, 2007, the Court first conducted a preliminary hearing and found probable cause to believe that Defendant committed the charged offense. At the preliminary hearing, counsel for Defendant stipulated that Joseph P. Clements, Special Agent, Immigration and Customs Enforcement, would testify in conformance with his Affidavit in Support of Application for Issuance of Criminal Complaint. Thereafter, Special Agent Clements

was examined and cross-examined by counsel for the Government and Defendant.  Based on Special Agent Clements' testimony, and the contents of his Affidavit, the Court FINDS probable cause to believe that Defendant committed the instant offense.

Defendant then declined to put on evidence regarding his detention and waived his detention hearing.  A defendant may also waive the right to a detention hearing guaranteed to her by 18 U.S.C. § 3142(f).  See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)).

In reaching its determinations herein, and accepting Defendant's waiver of his rights to his detention hearing, the Court took into account Defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to his detention hearing.  The Court also notes that Defendant was represented by counsel when he waived his rights to his detention hearing.

With respect to the issue of detention, the Court FINDS that Defendant should be detained pending trial.  The Court therefore ORDERS Defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United

States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on March 2, 2007                    _____

                                                                  _____/s/_____
                                                                  F. Bradford Stillman
                                                                  United States Magistrate Judge